**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARK GEMMELL,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-05580

Judge Thomas M. Durkin

Magistrate Judge Young B. Kim

**STATUS REPORT**

Plaintiff, MARK GEMMELL ("Plaintiff"), files this status report solely on behalf of Plaintiff pursuant to Minute Entry Order [22].

In the August 6, 2026, status report, Plaintiff advised that it had begun investigating the remaining defendants' addresses in light of *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, 177 F.4th 793 (7th Cir. 2026). [21]. Since then, a number of Defendants have been dismissed. *See* [23]. No other defendant has appeared or otherwise responded to the Complaint. Accordingly, four defendants remain in the case: Defendant Nos. 8, 18, 28, and 29.

Plaintiff has completed its investigation of the addresses of Defendant Nos. 18, 28, and 29. For each, Plaintiff located in the Tianyancha business-registry database an entity registered in the People's Republic of China whose registered address matches the address the defendant provided to its e-commerce platform, as reflected in information the platforms produced to Plaintiff under the Court's expedited discovery order [15]. Because the addresses of these three defendants are known, Plaintiff will serve them through the Central Authority of the People's Republic of China under the Hague Service Convention, and is preparing the service requests and the required Chinese translations.

For Defendant No. 8, Amazon identified a seller business name and a street address in Shantou, Guangdong Province. Plaintiff searched the Tianyancha business-registry database under both the business name provided to Amazon and the defendant's storefront name, and neither search located a registered entity. Searches of the address on Google Maps, Baidu Maps, and Amap conducted on Plaintiff's behalf on August 6, 2026 did not locate the defendant at that address, returning only partial, street-level matches with no identifiable business or occupant at that number. Amazon's production further reflects that the seller maintains a functioning contact e-mail address registered with the platform. Plaintiff intends to move for an order confirming that Defendant No. 8 has been served by e-mail under Federal Rule of Civil Procedure 4(f)(3) because its address is not known within the meaning of Article 1 of the Hague Service Convention, supported by a declaration describing Plaintiff's investigation.

Once service on the remaining defendants is complete, Plaintiff will move for entry of default and default judgment against any defendant that has not appeared. Plaintiff will update the Court on the status of service in its next status report or as the Court otherwise directs.

DATED: October 7, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Keith A. Vogt PLLC
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on October 7, 2026 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt